<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| R.C., | : | **Civil Action No. 23-1035 (SRC)** |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**<u>CHESLER, District Judge</u>**

This matter comes before the Court on the appeal by Plaintiff R.C. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for supplemental security income, alleging disability beginning October 31, 2011. A series of hearings was held before ALJ Jack Russak (the "ALJ") between November 9, 2021 and August 23, 2022, and the ALJ issued an unfavorable decision on November 21, 2022. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In the decision of November 21, 2022, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform sedentary work, with certain exertional and nonexertional limitations. At step four, the ALJ also found that Plaintiff was unable to perform any past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

The record shows that Plaintiff's claims have twice before been denied at the agency level, and both times the Commissioner's decisions were vacated on appeal to the District Court, with the case remanded to the Commissioner. The present decision under review is thus the third in a series of final decisions appealed to the District Court. In an introductory paragraph which lays out the arguments on appeal, Plaintiff begins as follows: "plaintiff will respectfully argue that a prior District Court Remand Opinion and Order was effectively ignored in the post-remand decision under current review which repeats the same errors, issues the same findings and arrives at the same conclusions previously rejected by this Court." (Pl.'s Br. at 7.) This line of argument raises questions about whether there is controlling legal authority for the proposition that a Court performing judicial review pursuant to 42 U.S.C. § 405(g) should review not only the final decision of the Commissioner (which § 405(g) expressly authorizes), but should expand the scope of its inquiry to cover the entire history of the claimant's applications to the Social Security administration, together with all previous appeals under § 405(g). Plaintiff implicitly

2

suggests that this Court should act to review and enforce previous District Court opinions and orders from previous now-terminated appeals with final judgments.  This Court has three questions about this line of argument: 1) what is the legal authority that requires this Court to perform that task?; 2) what legal authority explains the standard this Court should apply when acting to review and enforce previous final judgments?; and 3) given Plaintiff's assertion that the Commissioner has repeated the same errors, why is it not sufficient for this Court to limit its inquiry to the legal errors that appear in the latest final decision of the Commissioner?  If this Court finds that the final decision under review contains the errors asserted by Plaintiff, and performs its obligations under § 405(g) accordingly, what is the practical benefit of an analysis based on prior final judgments?  In short, this Court finds that Plaintiff's line of argument based on enforcement of previous final judgments is highly problematic.

At the outset, the Court observes that the authorizing statute limits its ability to consider this line of argument.  The statute, 42 U.S.C. § 405(g), states:

> **Judicial review.** Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . .

Plaintiff has appealed the final decision of the Commissioner under § 405(g), and the statute authorizes this Court to review that final decision only.  Nothing in the authorizing statute allows this Court to review previous vacated decisions of the Commissioner or the decisions of previous District Courts in previous appeal cases.  Pursuant to § 405(g), this Court limits its consideration

3

of Plaintiff's arguments on appeal to arguments that concern the specific final decision of the

Commissioner that Plaintiff has appealed, and this Court does not consider issues outside the

boundary clearly drawn by § 405(g), such as past vacated final decisions of the Commissioner

nor the decisions of District Courts which vacated those decisions.

Nor does Plaintiff persuade that controlling legal authority supports this line of argument.

When challenging the RFC determination at step four, Plaintiff argues:

> An agency's failure to adhere to a Court's Remand Order in a subsequent
> administrative proceeding is legal error and must serve as a basis for remand. See
> Sullivan v. Hudson, 490 U.S. 877, 886 (1989) ("Deviation from the court's
> remand order in the subsequent administrative proceedings is itself legal error,
> subject to reversal on further judicial review.")

(Pl.'s Br. at 49.)  Plaintiff has misinterpreted Hudson, quoting the case out of context and

omitting the Supreme Court's subsequent ruling in Shalala v Schaefer which sharply limits the

holding from Hudson.  Here is Plaintiff's quote from Hudson in context:

> Deviation from the court's remand order in the subsequent administrative
> proceedings is itself legal error, subject to reversal on further judicial review.  In
> many remand situations, the court will retain jurisdiction over the action pending
> the Secretary's decision and its filing with the court.  The court retains the power
> in such situations to assure that its prior mandate is effectuated.

Sullivan v. Hudson, 490 U.S. 877, 886 (1989) (citations omitted).  When viewed in context, it is

clear that the quoted holding applies in cases in which the District Court both remands the case

to the Commissioner **and** retains jurisdiction over the case "to assure that its prior mandate is

effectuated."  Plaintiff does not contend that such is the situation here and, indeed, the present

appeal was opened as a new case in this Court.[1]

---

[1] The final order in the previous appeal to the District Court, filed September 1, 2020, reverses
the Commissioner's decision, remands the case, enters final judgment, and closes the case, with
no mention of retention of jurisdiction.  Cuevas v Commissioner, No. 17-13464 (D.N.J. filed

Moreover, in <u>Shalala v Schaefer</u>, the Supreme Court clarified and limited its holding in <u>Hudson</u> as follows:

> However, the facts in *Hudson* also show that the District Court had not terminated the case, but had retained jurisdiction during the remand. And that was a central element in our decision, as the penultimate sentence of the opinion shows:
>
> "We conclude that where a court orders a remand to the Secretary in a benefits litigation and retains continuing jurisdiction over the case pending a decision from the Secretary which will determine the claimant's entitlement to benefits, the proceedings on remand are an integral part of the 'civil action' for judicial review, and thus attorney's fees for representation on remand are available subject to the other limitations in the EAJA." 490 U.S. at 892 (emphasis added).
>
> We have since made clear, in *Finkelstein*, that that retention of jurisdiction, that failure to terminate the case, was error: Under § 405(g), "each final decision of the Secretary [is] reviewable by a separate piece of litigation," and a sentence-four remand order "terminate[s] the civil action" seeking judicial review of the Secretarys final decision. 496 U.S. at 624-625 (emphases added). What we adjudicated in *Hudson*, in other words, was a hybrid: a sentence-four remand that the District Court had improperly (but without objection) treated like a sentence-six remand. We specifically noted in *Melkonyan* that *Hudson* was limited to a "narrow class of qualifying administrative proceedings" where "the district court retains jurisdiction of the civil action" pending the completion of the administrative proceedings. 501 U.S. at 97. **We therefore do not consider the holding of *Hudson* binding as to sentence-four remands that are ordered (as they should be) without retention of jurisdiction, or that are ordered with retention of jurisdiction that is challenged.**

<u>Shalala v. Schaefer</u>, 509 U.S. 292, 299-300 (1993) (emphasis added.).  The Supreme Court thus made clear that sentence four remands should be ordered without retention of jurisdiction, and that the facts of <u>Hudson</u> limited its application to a very narrow group of cases.  In the instant case, the previous remand orders did not retain jurisdiction, and the cited holding of <u>Hudson</u> does not apply.

Furthermore, Plaintiff's case on appeal suffers from two principal defects: 1) its failure to

---

Sept. 1, 2020.)

deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) its failure to deal with the harmless error doctrine.  As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination.  The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."  Id.  In such a case, "the claimant has the 'burden' of showing that an error was harmful."  Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful.  At the first four steps, this requires that Plaintiff also show that, but for the error, she might have proven her disability.  In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in her favor, based on the existing record, she is quite unlikely to show that an error was harmful.

Plaintiff challenges the ALJ's decision at steps three and four on appeal: 1) the ALJ erred at step three by failing to perform an equivalence analysis which combines the effect of combinations of severe impairments, as well as erring in the analysis of mental limitations, as well as erring in the analysis of obesity; and 2) at step four, the exertional limitations in the residual functional capacity ("RFC") determination are not explained, and the nonexertional limitations have been rejected by prior District Court decisions.[2]

---

[2] As already stated, this Court reviews only the final decision of the Commissioner; it does not

Plaintiff argues that the ALJ erred in a number of ways at step three, but at no point does Plaintiff demonstrate that he was harmed by any of these alleged errors, as required by Shinseki. At no point does Plaintiff muster the evidence of record to persuade that, but for these errors, Plaintiff might have proven that he met the criteria for a specific listed impairment, or for medical equivalence to a specific listed impairment. As a result, Plaintiff has failed to demonstrate that any of the alleged errors at step three harmed him.

Plaintiff faults the ALJ for failing to perform a medical equivalence analysis based on combinations of Plaintiff's severe impairments. Plaintiff has overlooked, however, the requirements for the medical equivalence analysis set forth in SSR 17-2p, "Evidence Needed by Adjudicators at the Hearings and Appeals Council Levels of the Administrative Review Process to Make Findings about Medical Equivalence," which states:

> At the hearings level or at the AC level when the AC issues its own decision, the adjudicator is responsible for the finding of medical equivalence. The adjudicator must base his or her decision about whether the individual's impairment(s) medically equals a listing on the preponderance of the evidence in the record. To demonstrate the required support of a finding that an individual is disabled based on medical equivalence at step 3, the record must contain one of the following:
>
> 1. A prior administrative medical finding from an MC or PC from the initial or reconsideration adjudication levels supporting the medical equivalence finding, or
>
> 2. ME evidence, which may include testimony or written responses to interrogatories, obtained at the hearings level supporting the medical equivalence finding, or
>
> 3. A report from the AC's medical support staff supporting the medical equivalence finding.

---

consider previous vacated decisions nor the rationale stated by District Courts for the decisions to vacate them.

Crucially, Plaintiff's brief fails to point to any specific evidence of record that meets the requirements stated in SSR 17-2p. Plaintiff thus has failed to demonstrate that he was harmed by any alleged errors in the step three medical equivalence analysis because, but for the ALJ's alleged errors at step three, he might have met the requirements stated in SSR 17-2p to support a determination of medical equivalence to a Listing.[3] Without this, this Court cannot conclude that any alleged errors at step three prejudiced Plaintiff, pursuant to Shinseki.

As to step four, Plaintiff argues that the ALJ did not offer a rationale for the exertional limitations in the RFC determination. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform sedentary work, with certain additional exertional limitations. The ALJ offered over six pages of discussion and analysis of the evidence of record that supported the exertional limitations in the RFC determination. (See Tr. 482-489.) The text of the ALJ's decision does not support Plaintiff's allegation that the ALJ offered no rationale for the exertional limitations in the RFC determination. This Court has reviewed the residual functional capacity determination and finds that it states a rationale which is supported by substantial evidence.

Plaintiff has failed to persuade this Court that the ALJ erred in the decision, or that he was harmed by any errors. Plaintiff has not shown that the ALJ erred, has not shown that the evidence supported a decision in his favor, and has made no demonstration of prejudice as required by Shinseki. This Court finds that the Commissioner's decision is

---

[3] Nor did Plaintiff muster the evidence to show that he met the criteria for any specific listed mental disorder, nor for any specific Listing related to obesity.

8

supported by substantial evidence and is affirmed.


                                          s/ Stanley R. Chesler
                                        STANLEY R. CHESLER, U.S.D.J.

Dated: February 18, 2026

9